*Jackling v. Brighthouse Life Insurance Company*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of September, two thousand twenty-four.

PRESENT:
> DENNY CHIN,
> SUSAN L. CARNEY,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

_____

WILLIAM T. JACKLING, as Executor of the Estate of Martha A. Jackling,

> *Plaintiff-Appellant,*

> v.

> No. 22-1703

BRIGHTHOUSE LIFE INSURANCE COMPANY,

> *Defendant-Appellee,*

TRAVELERS, METLIFE, GENWORTH,
BRIGHTHOUSE FINANCIAL,

*Defendants*.

_____

| | |
|---|---|
| **For Plaintiff-Appellant:** | DAVID H. TENNANT, Law Office of David Tennant, PLLC, Rochester, NY. |
| **For Defendant-Appellee:** | JONATHAN SCHAPP (Jeffrey L. Kingsley, *on the brief*), Goldberg Segalla LLP, Buffalo, NY. |

Appeal from a judgment of the United States District Court for the Western District of New York (Mark W. Pedersen, *Magistrate Judge*).[1]

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the July 11, 2022 judgment of the district court is **AFFIRMED**.

William Jackling appeals from the district court's grant of summary judgment in favor of Brighthouse Life Insurance Company ("Brighthouse") on Jackling's claims for breach of contract, breach of the implied covenant of good

---

[1] The parties consented to have the case heard by a magistrate judge pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.

2

faith and fair dealing, fraud, and violations of New York General Business Law § 349, arising out of Brighthouse's refusal as his wife's insurer to reimburse him, as executor of her estate, for the cost of certain home health aide services provided to his now-deceased wife. Among other things, the district court concluded that all of Jackling's claims were time-barred. *See generally* Dist. Ct. Doc. No. 73. We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

We begin and end by observing that "arguments not made in an appellant's opening brief are [forfeited] even if the appellant pursued those arguments in the district court or raised them in a reply brief." *JP Morgan Chase Bank v. Altos Hornos de Mex., S.A. de C.V.*, 412 F.3d 418, 428 (2d Cir. 2005).[2] While Jackling's reply brief raises various challenges to the district court's holdings that his claims are time-barred, his opening brief merely summarizes the facts

---

[2] We use the term "forfeiture" rather than "waiver" to describe a party's failure to raise arguments on appeal. *See Doe v. Trump Corp.*, 6 F.4th 400, 409 n.6 (2d Cir. 2021) (explaining that the term "forfeiture is more appropriate" to use "[w]here a litigant's action or inaction is deemed to incur the consequence of loss of a right[] or . . . a defense" (internal quotation marks omitted)); *see also id.* ("The term waiver[] is best reserved for a litigant's intentional relinquishment of a known right." (internal quotation marks omitted)).

underlying the dispute and contests an accusation that he submitted fraudulent documents. His two-page opening brief does not even mention – let alone refute – the district court's reasons for dismissing his claims for breach of contract, breach of the implied covenant of good faith and fair dealing, fraud, or violations of New York General Business Law § 349. Because Jackling's opening brief nowhere argued that the statute of limitations for each of his underlying claims had yet to expire, he has forfeited any such argument on appeal. *See Meyer v. Seidel*, 89 F.4th 117, 128 (2d Cir. 2023) ("[W]ith or without an explicit concession, an issue raised for the first time only in a reply brief has been [forfeited]."); *McCarthy v. SEC*, 406 F.3d 179, 186 (2d Cir. 2005) ("[A]rguments not raised in an appellant's opening brief, but only in his reply brief, are not properly before an appellate court even when the same arguments were raised in the trial court."). Put simply, Jackling has forfeited all arguments related to the timeliness of his claims, so we affirm the district court's dismissal on that ground.

To be sure, we possess "discretion" to review forfeited arguments "if manifest injustice would otherwise result." *JP Morgan Chase Bank*, 412 F.3d at 428. But Jackling makes no argument as to why enforcing the forfeiture of his statute

4

of limitations arguments would lead to "manifest injustice," nor does he provide any explanation in his reply brief as to why he failed to raise those arguments in his opening brief. To the extent that he contends that he should be afforded leeway merely because he filed his initial brief *pro se*, we reject that argument since we have previously refused to hear the arguments of other *pro se* appellants that were not raised in their initial appellate briefs. *See, e.g., LoSacco v. City of Middletown*, 71 F. 3d 88, 92–93 (2d Cir. 1995) (considering a *pro se* appellant to have abandoned challenges "he did not raise . . . in his appellate brief"). Indeed, if that were enough to excuse a forfeiture, the exception would likely swallow the rule. Accordingly, we decline to hear Jackling's statute of limitations arguments on appeal.

We have considered Jackling's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5